UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-21110-GAYLES

**FIGUEROA NEGRON EDUARDO,**
        **Plaintiff,**

v.

**COMMISSIONER UNITED STATES AND
THE PAYMENT OF COMMISSION
BOXING 1940,**
        **Defendants.**

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Figueroa Negron Eduardo, appearing *pro se*, filed this action on March 24, 2017 [ECF No. 1]. Plaintiff failed to pay a filing fee or move to proceed *in forma pauperis.* Plaintiff has, however, asked the Court to appoint an attorney to represent him, indicating that he does not have the funds to hire his own attorney [ECF No. 4].

Because the Plaintiff has failed to pay the filing fee, the Court will apply the screening provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e).[1] Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

---

1  The Court notes that even if the PLRA does not apply because Plaintiff has not formally filed a motion to proceed *in forma pauperis*, the Court still has the authority to *sua sponte* dismiss a claim where subject matter jurisdiction is lacking.  See *Walker v. Sun Trust Bank of Thomasville, GA*, 363 Fed.App'x 11,16 (11th Cir. 2010).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing the Complaint, the Court must apply the "liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

Although not entirely clear, Plaintiff appears to be asking the Court to force Defendant to provide him with his boxing records. There is nothing to suggest that this Court has original or diversity jurisdiction over Plaintiff's claims. In addition, the Court cannot determine how and to what extent Plaintiff has been injured or the legal basis upon which he seeks relief.   As a result, this action must be dismissed.

Based thereon, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED WITHOUT PREJUDICE.** This action is **CLOSED** for administrative purposes and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of March, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE